

**FILED**
**MARCH 16, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JACK LINDSEY JORDAN, PRO SE, § <br> TDCJ-CID #1423738, § <br> Previous TDCJ-CID # 702237, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JOEL RICHARDSON, Sheriff, § <br> NFN CHAPMAN, Lt., NFN EVANS, CO, § <br> NFN BURK, Maintenance Man, § <br> NFN HASKEE, CO, § <br> NFN UNRUH, Lt., and § <br> NFN CARROL, Sgt., § <br> § <br> Defendants. § | 2:07-CV-0152 |

## REPORT AND RECOMMENDATION

Plaintiff JACK LINDSEY JORDAN, acting pro se and while a prisoner confined in the Randall County Jail[1], has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains defendant CHAPMAN threatened him, placed him in administrative segregation for months without justification, and had the water on plaintiff's housing pod turned off for 5 ½ hours.

---

[1]Plaintiff has since been transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutions Division.

Plaintiff complains defendant EVANS choked him until he almost passed out, tried to get plaintiff killed by telling other inmates he was an informant, wrote false statements about plaintiff, and conspired with the other defendants to place him in fear.

Plaintiff complains defendant McCOY told other inmates plaintiff was an informant, went through plaintiff's legal folders and read their contends and plaintiff's grievances, and conveyed information to another inmate who was a gang member. Plaintiff says McCOY conspired with the other defendants to place him in fear.

Plaintiff complains defendant BURK, the maintenance man, turned the temperatures down low so inmates would have to wear thermal underwear and extra t-shirts.

Plaintiff complains defendant HASKEE threatened plaintiff, made false reports and accusations against plaintiff to steal plaintiff's property, harassed and retaliated against him, enticed inmates to sign false statements against plaintiff to get plaintiff thrown into segregation, and conspired with others to place plaintiff in fear of his life.

Plaintiff complains defendant UNRUH would not let him use the law library; had him transferred to another county under false pretenses to get him murdered, and conspired with other defendants to place plaintiff in fear of his life.

Plaintiff complains defendant CARROL held plaintiff's grievances and denied them all knowing plaintiff had been attacked and was in fear for his life.

Plaintiff claims he wrote defendant RICHARDSON 3 or 4 or more step 2 inmate grievances and 6 or 7 letters describing the above-listed acts and he has failed to satisfactorily resolve plaintiff's complaints.

Plaintiff requests "the abuses and retaliation to stop," compensation in the sum of $2,000,000.00, and that defendants CHAPMAN, McCOY, BURK, and HASKEE be fired.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff has been transferred into the custody of the Texas Department of Criminal Justice, Correctional Institutions Division and is no longer at the Randall County Jail. Consequently,

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

plaintiff's requests for injunctive relief are MOOT. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988). Further, the Court is without jurisdiction to order the termination of any of the defendants' employment. There remains plaintiff's request for an award of $2,000,000.00.

Plaintiff states that during the period relevant to his claims in this suit, he was a convicted prisoner on parole for a previous offense[4] who had been detained and was awaiting trial on another offense[5]. Public records show plaintiff is presently serving a life sentence on a 2007 conviction of Aggravated Kidnaping and Aggravated Robbery. Further, plaintiff informs the Court that, while at the jail, he warned officials about an escape plan by an inmate Feder in exchange for a promotion in custody level and that the information led officials to discover a shank belonging to Feder and to the prosecution of another inmate involved.

Plaintiff complains of threats and verbal harassment by various defendants. It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley,* 1 F.3d 271, 274 (5th Cir. 1993). Further, threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, plaintiff's claims in this respect are based on a right which does not exist. These claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also complains the defendants conspired together to place him in fear of his life. Plaintiff has presented no allegation of material fact to support this claim and, therefore, has failed

---

[4] Plaintiff's February 25, 2008 response to Question no. 1 of the Court's Questionnaire.

[5] Plaintiff's February 25, 2008 response to Question no. 2 of the Court's Questionnaire.

to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990)(conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983).

Plaintiff complains defendant CHAPMAN placed him in administrative segregation for a month beginning August 31, 2005 because of a planned escape, even though August 31, 2005 was the day plaintiff first arrived in Randall County. Plaintiff also complains he was later placed in administrative segregation for ninety days on another occasions because he "had words" about the television while in the dayroom. Although expressly asked for the beginning and ending dates for each period he claims he was wrongly placed in ad seg, these are the only specific allegations provided by plaintiff. Plaintiff's claim appears to be a challenge to the practice of administrative segregation at the jail.

When a pretrial detainee attacks general conditions, practices, rules, or restrictions of pretrial confinement, the Court must determine whether the challenged conditions or restrictions lack a reasonable relation to legitimate governmental purposes. *Hare v. City of Corinth*, 74 F.3d 633, 644-45 (5th Cir. 1996)(*en banc*)(referencing *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). Plaintiff's allegations concerning each of the two periods of administrative segregation shows the period was of limited duration, and that segregation was premised upon a specific security concern or need for discipline. If plaintiff is complaining of a lack of due process in connection with these periods of ad seg confinement, he has alleged no fact to show they affected the duration of his confinement or imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132

L.Ed.2d 418 (1995), plaintiff had no federally protected due process right in connection with the specific instances of confinement he has alleged. This claim, therefore, lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims defendant CHAPMAN turned off the water on plaintiff's housing pod for 5½ or 6 hours "to cause violence and chaos[6]" but presents no fact to support his allegation of malicious intent. Conclusory allegations are not sufficient to support claims of malice. *Al-Ra'id v. Ingle*, 69 F.3d 28 (5th Cir. 1995). Further, A single instance of six hours without water does not amount to a deprivation of the "minimal civilized measure of life's necessities." *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Plaintiff's allegations fail to state a claim of constitutional dimension.

Plaintiff alleges that, in December of 2005, defendant EVANS used excessive force by using pepper spray and then throwing plaintiff to the floor and choking him. Plaintiff was then confined in Ad Seg but was released three days later when he informed prison authorities of the escape plan of inmate Feder. When required to inform the Court what injury he sustained as a result of the alleged excessive use of force, plaintiff repeated his allegation that he had been choked[7]. The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort

---

[6]Page 2 of plaintiff's hand-printed attachment to his complaint.

[7]Plaintiff's February 25, 2008 response to Questions 5 and 6 of the Court's Questionnaire.

"repugnant to the conscience of mankind," *Hudson v. McMiilian, supra.* While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force. *Knight v. Caldwell*, 970 F.2d 1430 (5th Cir.1992). *cert. denied,* 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993). In the instant case, accepting plaintiff's allegations as true, plaintiff has not alleged he suffered any injury at all. Further, the Court finds no repugnant use of force is evident here. *Compare, Olson v. Coleman*, 804 F.Supp. 148, 150 (D.Kan. 1992) (finding a single blow to the head causing a contusion to be *de minimis* and not repugnant) and *Candelaria v. Coughlin*, 787 F.Supp. 368, 374 (S.D.N.Y. 1992) (allegation of single incident of guard using force to choke inmate distinguished from injuries alleged in *Hudson*), both cited with approval in *Jackson v. Culbertson*, 984 F.2d 699, 670 (5th Cir. 1993) (spraying inmate with fire extinguisher found to be *de minimis* and not repugnant to conscience of mankind); *see, also, Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992) (interrogatory in civil rights suit requiring jury to determine whether arrestee suffered "injury" as result of alleged use of excessive force before considering issue of damages found reasonable and not plain error). The force of which plaintiff complains is *de minimis* and outside the scope of the Eighth Amendment.

Plaintiff also complains defendants EVANS and McCOY told other inmates plaintiff was an informer; however, plaintiff says he was never attacked by the other inmates, just ostracized. It is clear plaintiff suffered no harm resulting from the unprofessional conduct alleged against these defendants and, therefore, cannot state a claim meriting any award of monetary relief. Plaintiff's request for injunctive relief, as discussed above, is moot. Therefore, as it stands, plaintiff's claim

in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims defendants EVANS and McCOY wrote false disciplinary reports on him. This resembles a claim of malicious prosecution; However, there is no longer a freestanding section 1983 claim for malicious prosecution in this circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Consequently, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Plaintiff also claims defendant HASKEE also wrote false disciplinary cases against him for extortion, resulting in his confinement in segregation, but that he was later exonerated of extortion when he pleaded guilty to "drawing handkerchiefs for commissary . . .." When asked to explain what he meant by the phrase, "drawing handkerchiefs for commissary," plaintiff stated that, since he was indigent while in the jail, he drew pictures on handkerchiefs and traded them for commissary items. This, of course, is an admission by plaintiff that he was trafficking and trading, and is sufficient to show the commissary items in his possession were contraband, a fact which was sufficient to support officials' initial conclusion that he had been extorting those items from other inmates. In any event, even if the disciplinary case were unfounded, this fact alone does not state a claim of constitutional dimension. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Plaintiff complains defendant BURK, the maintenance man, kept jail temperatures below jail standards; however, the only harm plaintiff alleges is that he had to wear his thermal underwear. The facts presented by plaintiff do not allege a condition of confinement offensive to the federal constitution.

Plaintiff complains defendant UNRUH didn't let him use the law library. When asked to identify any lawsuit in which he suffered a specific harm as a result of that denial, plaintiff says he suffered a conviction on February 8, 2007 because he "was unable to prepare [himself] and search [his] rights." Plaintiff blames his conviction and two life sentences on the failure to let him use the law library. The Court notes plaintiff later alleges, in connection with another claim against UNRUH, that he was represented by a public defender on his criminal case. Plaintiff's constitutional right of access to courts was satisfied by the provision of appointed counsel. *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996). Consequently, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also claims defendant UNRUH tried to get him to agree to a transfer to Lubbock County so he could be murdered there. Specifically, plaintiff alleges he was seen by his public defender on November 14, 2006 because defendant UNRUH had asked his public defender to tell him "Lubbock County was coming to get me, if [he] wanted to do down there" and that they had a "new burglary charge on [plaintiff]." Plaintiff says his attorney continued to try to persuade him to agree "even though he knew they had tried to kill [plaintiff] once before." Plaintiff does not explain who tried to kill him. Plaintiff states, "I believe I was supposed to be murdered." He says he wrote defendant UNRUH the next day and she responded that Lubbock had not given her any information concerning why they were coming to get plaintiff. Plaintiff says his attorney said he didn't know what was going on in Lubbock other than gossip but that he would be returned to Randall County before his trial. Plaintiff states he refused, and it appears he did not go to Lubbock.

Plaintiff's allegation that UNRUH was attempting to have him murdered is clearly sheer speculation and will not support a claim against this defendant.

Plaintiff claims defendant CARROL denied his grievances and didn't return some to plaintiff. Plaintiff also says CARROL told plaintiff not to write another grievance and threatened to write him a disciplinary case if he did so. Plaintiff says he was not prevented from asserting or pursuing any claims as a result of the failure to return his grievances. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g.*, *Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant CARROL lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff claims defendant Sheriff RICHARDSON knew of the acts and omission discussed above because plaintiff wrote to him and informed him of them; however, RICHARDSON did not satisfactorily resolve plaintiff's complaints.

The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff

has alleged no fact demonstrating personal involvement by defendant RICHARDSON and has alleged no fact showing any causal connection between his acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against defendant RICHARDSON do not state any grounds upon which his conditions of confinement claim rests. *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S.Ct. 1955, ___ L.Ed.2d ____ (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Consequently, plaintiff's allegations against defendant RICHARDSON fail to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JACK LINDSEY JORDAN be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of March 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).